**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TED LOUIS BRADFORD, | No.   16-35440 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-03012-TOR |
| v. | |
| JOSEPH SCHERSCHLIGT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted May 18, 2018
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

Ted Bradford appeals the district court's grant of summary judgment to defendant Joseph Scherschligt on Bradford's claims under 42 U.S.C. § 1983. We affirm.[1]

**1.** The district court did not err in granting summary judgment on Bradford's *Brady* claim. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Bradford argues that Scherschligt withheld the fact that Susan Searl, a witness for the prosecution at trial, gave a statement to Scherschligt somewhat inconsistent with her later statements to police. Bradford fails to demonstrate, however, that "the government . . . failed to produce th[at] evidence." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013). Before trial, the prosecution gave the defense all the police reports relating to the victim's rape, which were few in number. From those reports, defense counsel could have readily inferred that the unnamed neighbor mentioned in one earlier report was the same Susan Searl who later gave additional statements to the police, as her first name and address appeared in another, contemporaneous report, and the two early reports were quite evidently referring to the same neighbor. Because Bradford was "aware of the essential facts enabling him to take advantage of [the] exculpatory evidence," there

---

[1] Bradford's motion to take judicial notice of certain state-court documents (Docket No. 27) is **GRANTED.** *See* Fed. R. Evid. 201(b).

was no *Brady* violation. *Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) (quoting *United States v. Brown*, 582 F.2d 197, 200 (2d Cir. 1978)).

**2.** Even assuming suppression, Bradford has not demonstrated prejudice. *See Milke*, 711 F.3d at 1012, 1018. Searl's earlier statements to police differed from her later ones regarding when the driver in the white car was in the area of the rape, and did not include the detail that the driver looked at the victim's house as he drove by. But Searl was not a direct witness to the crime. Nor did Searl see Bradford on the day of the rape. Given Bradford's confession,[2] and the peripheral nature of Searl's trial testimony, there is not a reasonable probability that Bradford would have been acquitted had the discrepancies in dates and details been used at trial in an attempt to impeach Searl. *See Kyles v. Whitley*, 514 U.S. 419, 433–36 (1995). Any dispute over the number of meetings Scherschligt may have had with Searl in the fall of 1995 is non-prejudicial for the same reasons. *See id.* at 435.

**3.** Scherschligt's failure to disclose that he used an allegedly improper technique when showing a photo montage of suspects to Searl did not prejudice Bradford. There is no evidence that Scherschligt's statements to Searl—first, that a suspect was in custody; later, that she had selected the man in custody from among

---

[2] The admission of Bradford's confession was affirmed on direct appeal, *Washington v. Bradford*, 95 Wash. App. 935 (Wash. Ct. App. 1999), and its validity is not before us.

3

the faces in the montage—in any way emphasized or suggested Bradford's photo. *See Carrillo v. Cty. of Los Angeles*, 798 F.3d 1210, 1227 (9th Cir. 2015). Nor is there evidence that Scherschligt coached Searl's selection. *See id.* The record also does not show that Searl's identification of Bradford was tentative or equivocal. *See id.* at 1226–27. The impeachment value of the identification procedure evidence was therefore minimal. Weighed against the other evidence, especially Bradford's confession, Scherschligt's failure to disclose his precise methodology did not "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435.

**4.** The district court properly granted summary judgment as to Bradford's claim that Scherschligt deliberately fabricated evidence. *See Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc).

"A *Devereaux* claim is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence. Fundamentally, the plaintiff must first point to evidence he contends the government deliberately fabricated." *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citation omitted). *See, e.g., Spencer v. Peters*, 857 F.3d 789, 795 (9th Cir. 2017) (fabricated witness statements

attesting to rape); *Gantt v. City of Los Angeles*, 717 F.3d 702, 704 (9th Cir. 2013) (false witness statement obtained through coercive interrogation).

Bradford does not identify what false evidence Scherschligt created. He does not contend that Susan Searl's statements to police or her identification of him in the photo montage—or any other evidence in the record—were fabricated. Nor does he point to any fabricated statement in Scherschligt's later report. Because Bradford fails to "first point to evidence he contends the government deliberately fabricated," *Bradford*, 803 F.3d at 386, summary judgment was appropriate on this claim, *see McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009) ("We may affirm on the basis of any ground supported by the record.").

**AFFIRMED.**